UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**LINDA GAIL HENSON,**

      **Plaintiff,**

v.                                              CIVIL ACTION 2:14-cv-17372

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Complainant's Brief titled "Plaintiff's Statement of Errors" (ECF No. 10), the Commissioner's Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12).

### Background

Linda Gail Henson, Claimant, applied for disability and disability insurance benefits, alleging disability beginning November 18, 2011. The claim was denied initially on June 11, 2012, and upon reconsideration on November 15, 2012. Claimant filed a written request for hearing on November 28, 2012. Thereafter, on January 16, 2014, Claimant appeared via video hearing from Logan, West Virginia, and the administrative law judge (ALJ) presided over the hearing from Mars, Pennsylvania. On February 10, 2014, the ALJ denied Claimant's application.

Claimant appealed the ALJ's decision to the Appeals Council on February 26, 2014. On April 16, 2014, the Appeals Council denied Claimant's request for review stating "We found no reason under our rules to review the Administrative Law Judge's decision." Claimant's Brief

dated February 26, 2014, was entered as Exhibit 18E (Tr. at 1-4). The Appeals Council held that "this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. at 2). Claimant filed a complaint in the instant action for judicial review on June 14, 2014.

## The Medical Record

The court has reviewed all evidence of record, and will address those portions which are relevant to the issues raised by Claimant.

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts the ALJ erred in finding headaches, depression and/or anxiety as non-severe impairments. Claimant asserts the ALJ erred in failing to: adequately address and weigh all opinion evidence; properly assess Claimant's credibility with regard to subjective complaints; and support her residual functional capacity (RFC) with substantial evidence (ECF No. 10). In her argument that the ALJ failed to address opinion evidence, Claimant avers that the West Virginia Consolidated Public Retirement Board's determination to grant disability retirement benefits under the Teachers Retirement System supports a finding that she is not able to perform her past work. Claimant asserts that although Defendant is not bound by this finding, it must be addressed pursuant to Social Security Ruling 06-03p.

Defendant asserts that substantial evidence supports the ALJ's finding that Claimant did not have a severe mental impairment (ECF No. 11). Defendant asserts that the ALJ properly evaluated the primary care provider's mental RFC assessment. Additionally, Defendant asserts that substantial evidence supports the ALJ's conclusion that Claimant's subjective complaints were only partially credible and that the ALJ captured all of Claimant's credibility established limitations in the RFC assessment. In a footnote, Defendant's Brief in Support of the Decision

argues that "the fact that [Claimant] was awarded disability retirement benefits under the Teachers Retirement System, does not merit a finding of disability under the Social Security Act." (*Id.*) Defendant stated that "although the ALJ did not specifically reference Plaintiff's award of disability retirement benefits in the decision, the ALJ's omission amounted to, at most, harmless error."

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically

3

determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 24 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a difference conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F. 3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### Standard for Review

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the

Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).

The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

## Discussion

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of November 18, 2011 (Tr. at 12). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of obesity and degenerative disc disease. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 15). The ALJ then found that Claimant has a residual functional capacity to perform past relevant work as an alternate education teacher, a school social worker and a substance abuse counselor (Tr. at 20) On this basis, benefits were denied (Tr. at 21).

5

<u>Consideration of the West Virginia Consolidated Public Retirement Board's Decision</u>

By letter dated May 24, 2012, Claimant was notified that her application for disability retirement benefits under the Teachers Retirement System was approved "based on the information that was provided to the Board" (Tr. at 154). The ALJ did not mention the disability retirement benefits determination. Nor did the ALJ inquire about what documents the West Virginia Consolidated Public Retirement Board reviewed to reach the determination to grant Claimant's application for disability retirement benefits. The ALJ's failure to address the disability retirement benefits award by the West Virginia Consolidated Public Retirement Board was error.

The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512(b)(5) (2014). The decision of another agency is not binding on the SSA, 20 C.F.R. § 404.1504, but the SSA is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

The Fourth Circuit has held that "the disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding…. [A]lthough the SSA will accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012).

In *Bird*, the Fourth Circuit discussed the role that disability decisions by governmental agencies play in the SSA's disability determination process. Pointing to circuit precedent and social security directives, the Court stated the general rule is that while these decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits. *Halstead v. Colvin, 2015 U.S. Dist. LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[1]

The claimant in *Bird* had been awarded disability benefits through the VA, but was found not disabled by an ALJ under the Social Security Act. The district court affirmed the Commissioner's decision. On appeal, the claimant argued, in relevant part, that the ALJ had failed to afford adequate weight to the VA's disability determination. In considering the argument, the Fourth Circuit acknowledged that it had not previously addressed the precise weight that the SSA should give to disability ratings by the VA and noted that sister circuits had found varying degrees of deference to be appropriate. The Court reasoned that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* In addition, "[b]oth programs evaluate a

---

[1] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, 1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Consequently, the Court concluded that "because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, the Court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

In *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The court held that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche* citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010)(ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record.").

Other courts in this circuit have likewise concluded that remand is necessary to allow the findings now required by *Bird*. *See Jacobs v. Colvin*, Civil No. 2:12-cv-508, 2013 WL 5741538 (E.D. Va. 2013) (remanding case even where the evidence of the VA determination was only a "two-page letter, along with a one page attachment, from the VA outlining his benefits and the related disabilities," because "[n]otwithstanding the ALJ's detailed analysis and explanation of his rejection of the VA's determination, it is unclear that the ALJ met the new *Bird* requirement

that he provide elicit detail as to why he did not give the VA's disability rating 'substantial weight.'"); *Persaud v. Colvin*, No. 2:12cv661, 2014 WL 198922 (E.D. Va. Jan. 14, 2014) ("After carefully reviewing the ALJ's analysis and the record, the undersigned is unable to conclude that the ALJ's analysis after *Bird* is supported by substantial evidence, or that the ALJ would have reached the same conclusion in light of the new standard" since "[t]he Fourth Circuit has now made it clear that the ALJ must give the VA's disability determination 'substantial weight' or explicitly detail the reasons for giving it less weight"); *Thomas v. Colvin*, No. 4:12cv179, 2013 WL 5962929 (E.D. Va. Nov. 6, 2013) ("The Fourth Circuit has now made it clear that the ALJ must give the VA's disability determination 'substantial weight' or explicitly detail the reasons for giving it less weight" and "remand is necessary in order to allow the ALJ to weigh the evidence of [the plaintiff's] VA rating in accordance with *Bird*."); *Cotton v. Colvin*, No. 1:12-CV-00340-FDW-DSC, 2013 WL 4509710 (W.D.N.C. 2013) (remanding where "it is unclear from the record whether the ALJ properly considered the VA disability rating" and "[a]ccordingly, his treatment of the disability rating is not supported by substantial evidence"); *Ferdinand v. Astrue*, No. 4:12CV80, 2013 WL 1333540 (E.D. Va. Feb. 28, 2013) ("The record is insufficient to permit this Court to conclude what weight, if any, was given to Ferdinand's VA rating. To the extent the opinion can be interpreted as affording it only minimal weight, the record as a whole precludes a finding that this component of the ALJ's analysis is supported by substantial evidence, or that the ALJ would have reached the same conclusion on disability in light of the new standard and the post-hearing evidence submitted to the Appeals Council."); *Pusz v. Astrue*, Civil No. 2:11-cv-00048-MR-DLH, 2013 WL 498809 (W.D.N.C. Feb. 11, 2013) ("[T]he ALJ failed to afford significant weight to the VA rating decision or explain why the giving of less weight to this decision would be appropriate. For these reasons, the Court reverses

the decision of the Commissioner and remands this case for further proceedings."); *Suggs v. Astrue*, No. 4:11-CV-128-FL, 2013 WL 466406 (E.D.N.C. Feb. 7, 2013) ("[T]he Fourth Circuit made clear in *Bird* that a VA disability determination, even if outside of the claimed disability range, is the type of evidence that must be considered, under Social Security Ruling 06-03p. As such, it is evidence that 'may have a bearing on [the Social Security] determination or decision of disability.' SSR06-03p. . . . Accordingly, because it 'may have a bearing' on the Social Security determination, the court cannot conclude that failure to consider the VA disability determination is harmless error.")

In *Herrien v. Astrue*, 2:11CV560, 2013 WL 1121361, at *11 (E.D. Va. 2013), the court noted:

> "[t]he ALJ was advised by Mr. Herrien's counsel prior to the hearing that Mr. Herrien had a 100% federal disability retirement rating from OPM and a 40% service-connected disability rating from the VA. . . . In addition, during the hearing Mr. Herrien testified that he was receiving disability payments from OPM and the VA. . . . Despite his counsel's failure to proffer more evidence regarding these disability determinations or elicit further testimony from M. Herrien at the hearing, it nonetheless remained the duty of the ALJ to inquire into the issues necessary to adequately develop the record, since he cannot rely on the evidence submitted by the claimant if the evidence is inadequate. . . . The evidence here was clearly inadequate. Under the principle promulgated by the Fourth Circuit in *Bird*, evidence of another agency's disability determination is 'highly relevant' and must be given substantial weight unless the record clearly establishes that a lesser weight is appropriate. . . . Without a developed record, there is insufficient evidence to determine what weight OPM and the VA's disability determinations merit."

*Herrien*, 2013 WL 1121361 (citing *Cook v. Heckler*), 783 F.2d 1168, 1173 (4th Cir. 1986); *Worthington v. Astrue*, No. 7:11-cv-00207-WL, 2012 WL 4026067, at *4 (E.D.N.C. 2012) ("While it appears that plaintiff, who was represented by counsel of record at the administrative hearing, failed to submit any notice or decision of disability from the issuing agency, the fact that she was receiving state disability was noted in the record, (citation omitted), and after plaintiff

testified that she was receiving state disability benefits, the ALJ should have further developed the record on this point to the extent necessary to evaluate this evidence as required by SSR 06-03p")).

The rational in *Bird* and *Wyche* applies to any disability decision by another governmental agency, including the disability determination in the present matter. *See Taylor v. Colvin*, 4:14-CV-81-FL (E.D.N.C. June 16, 2015). In *Taylor*, the plaintiff was approved for long-term disability benefits by the Medical Board of the Disability Income Plan of North Carolina (DIPNC). The ALJ did not mention the disability determination or cite to the exhibit containing it. Consequently, the District Court held that the ALJ's failure to address the DIPNC long-term disability determination was error.

The failure of the ALJ in the present matter to mention the West Virginia Consolidated Public Retirement Board's determination to award Claimant disability retirement benefits is unclear and does not explain what, if any, weight was given to it. However, the ALJ stated that the decision was based upon consideration of the entire record (Tr. at 16, 20).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of

the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'"). An ALJ may give less weight to another agency's disability rating and does not have to give the opinion significant weight. See *Cline v. Michael J. Astrue*, Case No. 6:12-cv-00690 (Parkersburg, WV 2013)(unpublished).

In the present case, Claimant was awarded disability retirement benefits by the West Virginia Consolidated Retirement Board. The ALJ did not mention the determination. Although Claimant's application for disability retirement benefits was granted "based on the information that was provided to the Board," the ALJ did not further develop the record on this point to the extent necessary to evaluate this evidence as required by SSR 06-03p. Therefore, the ALJ's decision denying benefits was not supported by substantial evidence.

The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings to weigh

the government agency's disability determination pursuant *to Bird*. If the ALJ concludes that the disability retirement benefits determination should not be given "substantial weight" he/she shall provide a specific and detailed rationale so that Claimant may understand the basis for the adverse decision. In making this ruling, the court expresses no opinion on the weight that should be accorded the disability retirement benefits determination or any other piece of evidence. Other issues raised by the parties shall be addressed on remand.

Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Complainant's Brief titled "Plaintiff's Statement of Errors" (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) because the ALJ failed to adequately explain the weight afforded another agency's disability determination and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: August 10, 2015

_____
Dwane L. Tinsley
United States Magistrate Judge